EMILY A. EBEY *vs.* EBEY AND BEAM.

Dower of the common law, is recognized by the laws of this Territory. Same to be assigned by the rules of the common law.

24

Dower extends to donation claims. The reserved right of eminent domain does not defeat the right of dower therein.

Withholding dower entitles the claimant to damages.

No statutory method of admeasuring such damages being prescribed, that adopted by the lower court approved.

Error to the Third Judicial District.

Opinion by Oliphant, Associate Justice.

This is a suit instituted by Emily A. Ebey, widow of Isaac N. Ebey, against Eason Benton Ebey and Jacob Ellison Ebey, minor heirs of Isaac N. Ebey, deceased, to recover her dower in a certain tract of land situate in Island county, Washington Territory, and more particularly described in the complaint, and of which it is therein averred that said Isaac N. Ebey died seized, together with the other requisites necessary to constitute the claim or right of dower.

The cause was tried in the Court below, without contest as to the real merits of the case by the defendants. It is now before this Court on demurrer to the rulings of the Court below, in awarding dower to Emily A. Ebey, the complainant, and damages for the detention thereof. The demurrer is general, and admits all the material facts alleged in the complaint, and by it three questions are legitimately raised, claiming the consideration of this Court:

1. Is a widow entitled to dower by the laws of Washington Territory?

2. If so, can she be endowed of a "donation claim," emanating from the Government of the United States to the citizens of this Territory? and the further question of damages?

All these questions, and the points raised by them, are decided by this Court in the affirmative. On the first point raised, the Court is not only aided, but fortified, in its decision by the able opinion of Judge Strong, in a case tried before him at Port Townsend, W. T., between these same parties; the only difference being, that dower then claimed was upon a different portion of land, and held by the deceased by a different title to that in this case.

Dower is a favored right of the common law. It started into existence almost with the law itself, and it has come down do us sanctified by the lapse of centuries. It is enshrined and embedded in every system of jurisprudence pertaining to the different States and Commonwealths of this Nation, and the right is clearly recognized by the statutes of Washington Territory. Though not specifically defined, enough has been enacted in the early and progressive stages and history of its legislation, to give to this claim the high sanction of law. In the first statutes of the Territory, the right of dower is recognized by a clause saving it out of devises by will, and the same thing is done by the statutes of 1859–60, Section 18. In the concluding Section of the Probate Act, of the same years, it is provided that "anything contained in this act shall in nowise affect the title of the husband as tenant by the curtesy, nor that of a widow as tenant in dower." Such was the law when this suit was instituted, and rights acquired under it are not to be disturbed by subsequent legislation.

It is asked, inasmuch as there are no clear provisions made by law in a contested case, how is dower to be assigned, or in what way is this right so unmistakably recognized by legislative enactments, to be enjoyed by the widow? This question is answered that its assignment is rightly and legally performed by the rules of the common law, which by statutes of 1855–56, Sec. 1, page 7, "is in force in all civil cases, except when otherwise provided by law." These rules and proceedings have been pursued by the Court below for the assignment of this beneficent right, and in the action of the Court in this respect there was no error.

Though this was a "donation claim" of land to the husband, it was possessed and enjoyed by him in his life time, and he had an actual legal seizin therein at the time of his death. It is true that the Government reserves a *quasi* right of eminent domain in lands acquired under this kind of title, yet this right is always exercised with a view to the rights acquired by the settler and those claiming under him, as well as a remuneration in case of their needful disturbance. Any such right inherent

in the Government would not affect, as is argued, the right of a widow to dower in lands held by a "donation claim," and especially so, when all the pre-requisites have been followed, as in this case, to entitle the donation claimant to a patent.

Damages are an inherent equitable right by the statutes of Washington Territory, to claim compensation for the detention of any right to real estate, though the mode of their admeasurement is not specifically defined, some method must be resorted to for their ascertainment. The one adopted by the Court below was in conformity to statutes and decisions in this country and England, and of such ancient standing as gives to it the prestige of common law, and was a safe and sure guide in the absence of any other method or provision.

As this Court decides that the District Court has jurisdiction of cases of this kind, by virtue of the statute of 1862–63, Sec. 437, Civil Practice Act, and being but re-enactments of what was law years before, it is unnecessary to discuss the point whether that question is "susceptive" of being originally raised in this Court. Be this as it may, the safer practice undoubtedly is, and in justice to the Judge who tries the case, to raise it in the Court below.